F. W. MYERS & COMPANY, Appellee,

v.

HUNTER FARMS, Appellant.

No. 65340.

Supreme Court of Iowa.

May 19, 1982.

John A. Gerken of Wilcox, Polking & Gerken, P. C., Jefferson, for appellant.

Paul A. Zoss of Myers, Knox & Hart, Des Moines, and Joseph S. Kaplan, New York City, for appellee.

Considered by LeGRAND, P. J., and McCORMICK, ALLBEE, McGIVERIN, and LARSON, JJ.

LARSON, Justice.

Hunter Farms appeals from a judgment entered against it in an action by F. W. Myers & Company for indemnity to recover additional import duty paid by Myers on its behalf. After trial, Myers recovered the additional duty in a separate action in the United States Court of Claims, thus render-ing the initial controversy moot. Hunter has pursued this appeal, however, to obtain a determination that Myers had breached a duty, as an import broker, which it owed to Hunter, its client. By establishing its freedom from liability, Hunter seeks to avoid any liability for interest or attorneys fees which might arise out of either the present state or federal actions. The issues raised are (1) whether Myers owed Hunter a duty of care and, if so, whether there was substantial evidence to support the trial court's finding it was not breached; and (2) whether the trial court erred in computing the interest, if Hunter was properly found to be liable to Myers. We affirm in part, reverse in part, and remand.

Hunter Farms was involved in farming in Greene County, and in the sale of chemicals to other farmers. It sought to obtain a large supply of Sencor, a farm herbicide not then readily available in the area, for resale. In response to its newspaper advertisement, Hunter was contacted by Petrolia Grain & Feed Company of Petrolia, Canada, which offered to fill Hunter's order for Sencor. A representative of Petrolia's supplier contacted an "import specialist" with the United States Customs Service to determine the import duty. The specialist advised it the rate would be five percent but the final rate could only be determined upon an examination of the herbicide at the time of importation. This information was forwarded to Hunter, which continued negotiations to purchase the Sencor and retained Myers to assist in moving it through customs, which Myers did.

The "qualified" opinion of the customs specialist was later rescinded; customs determined there were chemicals in the herbicide, not listed on its label, which would increase the duty from approximately $30,-000 to over $128,000. Myers, fearing a forfeiture of its security bond for the duty, paid the additional amount under protest and sought indemnity from Hunter. Hunter, however, refused to pay, arguing Myers had breached its duty of care as an import broker in failing to advise Hunter the five-percent duty rate was only tentative and

was subject to being increased. This action was then brought by Myers, which contended it was not retained to give advice to Hunter, especially since it was never informed Hunter was a neophyte in the import business. It averred its duties as an import broker were merely to prepare the forms for importation and satisfy the bonding requirements; advice on matters of importation would be given only if requested. The trial court found Myers did not breach its duty of care to Hunter.

### I. *Myers' duty of care.*

■ The right of indemnity under such circumstances is clear: If one is compelled to pay sums which another ought to pay, he is entitled to indemnity. *Sampson v. City of Cedar Falls*, 231 N.W.2d 609, 618 (Iowa 1975); *Rozmajze v. Northland Lines*, 242 Iowa 1135, 1143, 49 N.W.2d 501, 506 (1951); 41 Am.Jur.2d *Indemnity* § 2, at 688 (1968); 42 C.J.S. *Indemnity* § 20, at 594–95 (1944). Although Hunter does not challenge the general right of an agent to indemnity under such circumstances, it claims Myers had breached a concomitant duty of disclosure, thus precluding its recovery.

■ An agent is required to exercise such skill as is required to accomplish the object of his employment. If he fails to exercise reasonable care, diligence, and judgment under the circumstances, he is liable to his principal for any loss or damage resulting. *See Collegiate Manufacturing Co. v. McDowell's Agency, Inc.*, 200 N.W.2d 854, 857 (Iowa 1972). Thus,

> [u]nless otherwise agreed, a paid agent is subject to a duty to the principal to act with standard care and with the skill which is standard in the locality for the kind of work which he is employed to perform and, in addition, to exercise any special skill that he has.

*Restatement (Second) of Agency*, § 379(1), at 177 (1958).

■ We believe there was substantial evidence, Iowa R.App.P. 14(f)(1), to support the trial court's finding there was no breach of duty by Myers. Evidence was presented that the standard of care for import brokers did not include a special duty to render advice to the importer unless requested to do so. Expert testimony showed such brokers are basically involved in drafting the necessary papers, arranging for the necessary bonds, and actual forwarding of the duty payment. There was no evidence of a request to advise Hunter on import law, nor was there any evidence Myers was advised that Hunter was new in the import business.

■ Hunter contends, however, Myers had a special duty of disclosure to advise Hunter the five-percent figure was advisory or only an estimate. It claims the trial court erred in failing to recognize and apply such duty of care.

■ The scope of an agent's duty to disclose is explained by the *Restatement* in this manner:

> Unless otherwise agreed, an agent is subject to a duty to use reasonable efforts to give his principal information which is relevant to affairs entrusted to him and which, as the agent has notice, the principal would desire to have and which can be communicated without violating a superior duty to a third person.

*Restatement, supra* § 381, at 182. This standard requires that the agent have notice the principal would desire to have the relevant information. In this case there was evidence the open-ended nature of an initial duty assessment was widely known and understood by importers. Myers was never informed of the need to convey this information to Hunter which, it could reasonably presume, possessed the fundamental knowledge of an importer. Myers was never advised of Hunter's lack of experience in the business, nor was it aware of the problem in labeling the herbicide which caused the increase in the duty charged. Absent knowledge of Hunter's special need for advice and of the circumstances which might give rise to the additional importation fees, there was no special duty on Myers to advise Hunter of the tentative nature of the assessment. Accordingly, it was not error for the trial court to refuse to recognize such a duty.

## II. *Interest.*

 The trial court awarded interest to Myers on the amount of its payment from the date it was made, at the rate of seven percent. Hunter complains the maximum legal rate for prejudgment interest was five percent, and we agree. *See* § 535.2, The Code 1977. Subsequent amendments raising the legal rate are inapplicable. Post-judgment interest of seven percent was properly allowed. *See* § 535.3, The Code 1977.

The case is remanded for modification of pre-judgment interest; in all other respects the judgment is affirmed.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.